# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

EICKER HERNANDEZ PENA )
 )
 Petitioner, )
 )
v. ) Case No. CIV-26-1459-D
 )
MARKWAYNE MULLIN, et al.,[1] )
 )
 Respondents. )

## REPORT AND RECOMMENDATION

Petitioner Eicker Hernandez Pena, a citizen of Venezuela proceeding *pro se*,[2] filed

a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his

detention by the U.S. Immigration and Customs Enforcement ("ICE").[3]  (Doc. 1).[4]  United

States District Judge Timothy D. DeGiusti referred the matter to the undersigned

---

[1] In addition to the Petition's listed Respondents, the Court adds the Warden of Cimarron Correctional Facility, Chris Gantt, as a Respondent. *Cf. Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019) ("If a petitioner names the wrong respondent, this Court may simply substitute the correct party."), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019).

[2] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  But the court cannot serve as Petitioner's advocate, creating arguments on his behalf.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma.  (Doc. 1, at 1).

[4] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4).  In accordance with the expedited briefing schedule, (Doc. 5), Respondents timely filed a Response.  (Doc. 8).  Petitioner filed a Reply.  (Doc. 9).  As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I.      Factual Background

Petitioner is a non-citizen who states he "went to report to ICE and was arrested and detained."  (Doc. 1, at 6).  He asserts that he has not been granted a bond hearing.  (*Id*.) Respondents concede that Petitioner has a factual background such that "this matter is controlled by the Tenth Circuit's opinion in [*Santillan*] *Quiroz v. Mullin*[, 180 F.4th 1226 (10th Cir. 2026)]."  (Doc. 8, at 1).

An immigration judge ordered Petitioner's removal on June 18, 2026.  EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited July 31, 2026).  Petitioner appealed the removal order to the Board of Immigration Appeals on July 6, 2026, and his appeal remains pending.  *Id.*  Thus, his removal order is not administratively final.  8 U.S.C. § 1101(a)(47)(B) (removal orders become administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

2

## II.    Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:

1.    His detention violates the INA, due process, and immigration regulations because he "was arrested and detained without being given a notification of the reasons for the revocation nor was [he] afforded with an initi[]al informal interview so [he] could respond to the reasons for revocation." (Doc. 1, at 6).

2.    His detention violates the INA because he "wasn't served with a copy of the issued warrant for [his] arrest by the Attorney General." (*Id.*)

3.    His detention violates the INA because he has "not been offered an Individualized Bond hearing during [his] detention" even though his "detention currently is governed by section 1226(a)." (*Id.*)

As relief Petitioner requests immediate release from custody or a bond hearing. (*Id.* at 7).

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that the Tenth Circuit's recent decision in *Santillan Quiroz*, 180 F.4th 1226, "compels a different outcome." (Doc. 8, at 1). "Respondents request that any order be limited to ordering a bond hearing within seven days." (*Id.*) They also state "[t]here is no reason to consider additional arguments for a bond hearing if the Court is ordering a hearing based on the statutory claim." (*Id.* at 2).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV.     Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.**

In order for the Court to determine whether Petitioner's current detention without a bond hearing violates the law, the Court must first determine what statute controls his detention.  Under the INA, detention of aliens who are "applicants for admission"[5] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A).  By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue detention of the alien or to release the alien on bond.[6]

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz*, holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  180 F.4th at 1237.  The court reasoned based on the statutory text and context that

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border.  Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

---

[5] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer."  *Id*. § 1101(a)(13).

[6] The regulations accompanying the statute explain the various levels of review for a bond determination.  An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."  8 C.F.R. § 236.1(c)(8).  If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge.  *Id*. § 236.1(d)(1).  An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals.  *Id*. § 236.1(d)(3).

4

*Id.* at 1239.   This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances.

Based on the Tenth Circuit's decision in *Santillan Quiroz*, the undersigned concludes that Petitioner, who was detained in the interior of the United States after entering without admission, is subject to detention under § 1226(a).   However, he has not been granted the bond hearing provided in that statute.   Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3).   A bond hearing is the appropriate remedy.   *Santillan Quiroz*, 180 F.4th at 1251 n.13.[7]

**V.      Recommendation and Notice of Right to Object**

For the reasons discussed above, the undersigned recommends that the Petition (Doc. 1) be **GRANTED in part**.   The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by August 7, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[8]   The Court advises the parties that failure to make timely objection to this report

---

[7] Because the undersigned recommends granting habeas relief on the basis of Petitioner's *Santillan Quiroz* INA claim, it is unnecessary to address his remaining claims.

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations.   *See* Fed. R. Civ. P. 72(b)(2) advisory

and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 31st day of July, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

---

committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").