# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EICKER HERNANDEZ PENA,                           )
                                                 )
     Petitioner,                                )
                                                 )
v.                                               )      Case No. CIV-26-1459-D
                                                 )
MARKWAYNE MULLIN, *et al.*,                      )
                                                 )
     Respondents.                               )

## <u>ORDER</u>

Petitioner Eicker Hernandez Pena filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner is a citizen of Venezuela. *Id.*; [Doc. No. 10, at p. 2]. Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE), and his removal proceedings are ongoing. [Doc. No. 1, at p. 6]; [Doc. No. 10, at p. 2]. He is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. [Doc. No. 1, at p. 1].

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 8, at p. 1]. Petitioner alleges that he has not received a bond hearing since his re-detention by ICE. Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a). [Doc. No. 1].

The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. On July 31, 2026, Judge Maxfield issued a Report and Recommendation, recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond

1

hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 10]. Respondents filed a timely Objection to the Report and Recommendation [Doc. No. 12], asserting that Petitioner is properly detained under § 1225(b), but conceding that pursuant to *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), he is entitled to a bond hearing. *Id.*

Accordingly, § 1226(a) controls Petitioner's detention, and he is therefore entitled to a bond hearing. *See Santillan Quiroz*, 180 F.4th at 1251 n. 13 (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 10] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 12th day of August, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.